IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RUBY AFTAB and ZAFAR HAQ**, <br><br> Plaintiffs, <br><br> v. <br><br> **QUALITY LOAN SERVICE CORPORATION WASHINGTON; WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1 through 5**, <br><br> Defendants. | Case No. 3:19-cv-01461-IM <br><br> **OPINION** |

John A. Cochran, Pacific Property Law, LLC, 43672 SW Hiatt Rd., Forest Grove, OR 97116. Of Attorneys for Plaintiffs.

Ann T. Marshall and Anglin Flewilling Rasmussen Campbell & Trytten, LLP, 701 Pike St., Suite 1560, Seattle, WA 98101. Of Attorneys for Defendant Wells Fargo Bank, N.A.

John M. Thomas, McCarthy Holthus, LLP, 920 SW Third Ave., First Floor, Portland, OR 97204. Of Attorneys for Defendant Quality Loan Service Corporation of Washington.

**IMMERGUT, District Judge.**

Plaintiffs Ruby Aftab and Zafar Haq bring this action against Defendants Quality Loan Services Corp. of Washington ("QLS"), Wells Fargo Bank, National Association ("Wells Fargo"), and Does 1 through 5 regarding the non-judicial trustee sale of Plaintiffs' residential property located at 16617 SW Timberland Dr., Beaverton, OR 97007 ("the property"). Plaintiffs

PAGE 1 – OPINION AND ORDER

allege Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), committed the tort of conversion, and breached the covenants of good faith and fair dealing under the Uniform Commercial Code ("UCC") and Oregon foreclosure laws. *See* ECF 1. This is the second lawsuit Plaintiffs have filed against Defendants in an effort to prevent the non-judicial trustee sale of the property. *See* ECF 18, Ex. M (Complaint from *Aftab & Haq v. Wachovia Bank N.A. et al*, No. 3:18-cv-00159-MO). The previous case was settled and dismissed with prejudice in 2018. *See Id.*, Ex. P; *see also* ECF 15.

Before this Court is Plaintiffs' Motion for a Temporary Restraining Order ("TRO") to temporarily enjoin Defendants from proceeding with a trustee's sale of the property. Plaintiffs argue that the trustee's sale is not lawful because Defendants have not shown that they have the right or authority to conduct the sale. Defendants respond by arguing that Plaintiffs' claims are barred by res judicata. Defendants further argue that Plaintiffs cannot make a sufficient showing for a TRO because Plaintiffs are unable to establish any likelihood of success on the merits. On September 25, 2019, the Court held a hearing on Plaintiffs' motion. At that hearing, the parties agreed to have the Court decide Plaintiffs' request for a preliminary injunction simultaneously with the TRO. For the reasons discussed below, the Court DENIES Plaintiffs' Motion for a Temporary Restraining Order and DENIES Plaintiff's request for a preliminary injunction.

## STANDARDS

In deciding whether to grant a motion for temporary restraining order, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council,*

*Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id.* at 20.

In *Winter*, the Supreme Court rejected the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm was sufficient, in some circumstances, to justify a preliminary injunction. *Id.* The Court held that plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction. *Id.* The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131–32 (9th Cir. 2011). Under this test, a preliminary injunction is appropriate when a plaintiff shows that "serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," assuming the other two elements of the *Winter* test are also met. *Id.* at 1134–35. This test applies a sliding scale approach where a stronger showing of one element of the preliminary injunction test may offset a weaker showing of another. *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

When reviewing evidence presented for a preliminary injunction or a TRO, the court applies relaxed evidentiary standards for admissibility. The court "may give even inadmissible evidence some weight, when doing so serves the purpose of preventing irreparable harm." *Native Fish Society v. Nat'l Marine Fisheries Serv.*, No. 3:12-cv-00431, 2013 WL 12120102, at *7 (D. Or. May 18, 2013) (quoting *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984)).

"The burden of proof at the preliminary injunction phase tracks the burden of proof at trial . . ." *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1116 (9th Cir. 2011) (citing *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 423 (2006)). For each of the claims alleged in this case, Plaintiff bears the burden of proof at trial to prove the violations by a preponderance of the evidence. *See Grogan v Garner*, 498 U.S. 279, 286 (1991) (quoting *Herman & Maclean v. Huddleston*, 498 U.S. 375, 389–90 (1983)) (holding that the standard of proof in civil cases is presumed to be the preponderance of the evidence standard unless "important individual interests are rights are at stake"); *Reed v. AID Assocs. Inc.*, 573 F.Supp.2d 1105, 1107 (S.D. Ind. 2009) (holding that plaintiff had burden of proving FDCPA violation by a preponderance of the evidence); *Mason v. Miller*, 90 Or. App. 538, 541 (1988) (holding that each element of conversion must be proved by a preponderance of the evidence). Thus, in order to receive a preliminary injunction, the moving party bears the burden of showing a likelihood of success by a preponderance of the evidence. *See Feldman v. Arizona Sec. of State's Office*, 843 F.3d 366, 403 (9th Cir. 2016).

## DISCUSSION

Defendants Wells Fargo and QLS requested that this Court take judicial notice of several documents, including documentation of the trust deed, the name changes and later merger of World Savings Bank, FSB into Wells Fargo, N.A., and the previous lawsuit filed by Plaintiffs. *See* ECF 10, 18. Neither party objected to this Court taking judicial notice of the documents. A court may judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201. In addition, a court may take judicial notice of proceedings and records filed in another case to determine what issues were before the court and actually litigated. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442

F.3d 741, 746 n.6 (9th Cir. 2006). In line with this guidance and without objection from Plaintiffs, this Court took judicial notice of the documents from Defendant Wells Fargo, ECF 18, and Defendant QLS, ECF 10.

After reviewing all of the pleadings and documents submitted and having heard arguments from all of the parties, this Court determines that Plaintiffs have not met their burden for a TRO or preliminary injunction. This Court concludes Plaintiffs have little to no likelihood of success on the merits, that Plaintiffs have not shown they will suffer irreparable harm, that the balance of equities does not tip in their favor, and that an injunction is not in the public interest. The Court does not prejudge Plaintiffs' claims, but notes that the FDCPA imposes liability only on "debt collectors," defined under the statute as "any person . . . who regularly collects or attempts to collect . . . debts owed . . . or due another." 15 U.S.C. § 1692a(6). The Supreme Court has held that the FDCPA generally excludes debt owners seeking to collect debts for themselves. *See Henson v. Santador Consumer USA, Inc.*, 137 S. Ct. 1718, 1721 (2017). Furthermore, the Ninth Circuit has held that collecting money from a trustee's sale does not qualify as collecting a debt as defined by the FDCPA. *See Ho v. ReconTrust Co., N.A.*, 858 F.3d 568, 571–72 (9th Cir. 2017). Thus, "actions taken to facilitate the foreclosure or resell of a security, such as sending a notice of default or notice of sale, are not attempts to collect a 'debt'" as defined by the statute. *Id*. In the present case, Defendant Wells Fargo seeks to collect a debt owed to itself through a trustee's sale. The notice of default and notice of sale were sent pursuant to the trustee's sale. In line with Ninth Circuit precedent, the FDCPA does not apply, and Plaintiffs have little to no likelihood of success on the claims brought under the FDCPA.

Furthermore, all of Plaintiffs claims are likely barred under the doctrine of res judicata. A final judgment entered in a previous lawsuit has a preclusive effect on later proceedings under

the doctrines of claim preclusion and issue preclusion, "collectively referred to as *res judicata*." *Taylor v. Sturgill*, 553 U.S. 880, 892 (2008). Claim preclusion generally bars a party from relitigating the same claims that were raised *or could have been raised* in a prior action. *See Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added). Claim preclusion applies when three elements are met: (1) an identity of claims in the two actions; (2) a final judgment on the merits in the first action; and (3) identity or privity between the parties in the two actions. *See Frank v. United Airlines*, 216 F.3d 845, 850 (9th Cir. 2000). An identity of claims exists when the "two suits arise out of the same transactional nucleus of facts." *Id.* at 851.

Plaintiffs' prior lawsuit against Defendants concerned the same property, the same Note, and the same notice of default. *Compare* ECF 1, *with* ECF 18, Ex. M. In both cases, Plaintiffs argued that Defendants lacked the authority to enforce the Deed of Trust and proceed with a foreclosure. *See* ECF 18, Ex. M. Plaintiffs offer no explanation for why these newly filed claims were unavailable when Plaintiffs filed the former lawsuit in 2018. Plaintiffs agreed to settle the previous case and stipulated to the dismissal of the claims with prejudice. *See* ECF 15 (showing terms of settlement); *see also* ECF 18, Ex. P (showing notice of settlement and 60-day order of dismissal). The claims were dismissed. *See* ECF 18, Ex. P. The res judicata effect of this dismissal bars Plaintiffs from making any claim that depends on Defendants' lack of authority to enforce the deed of trust. That contention is essential to each of Plaintiffs' claims. Plaintiffs fail, therefore, to show a likelihood of success on any of their asserted claims.

Furthermore, Plaintiffs have not shown that they would suffer irreparable harm from this trustee's sale. Plaintiffs state that they live in the home at issue. *See* ECF 19 at 1. Plaintiffs offer

no other evidence to support the contention that they would suffer irreparable harm. This Court declines to hold that the foreclosure of a residential home is per se irreparable harm.

Based on the above findings, this Court finds that the balance of equities do not tip in Plaintiffs' favor, nor would granting injunctive relief be in the public interest.

## CONCLUSION

Plaintiffs' motion for a temporary restraining order, ECF 5, is DENIED. Plaintiff's request for a preliminary injunction also is DENIED.

**IT IS SO ORDERED**.

DATED this 15th day of October, 2019.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge