IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RUBY AFTAB and ZAFAR HAQ**, <br><br> Plaintiffs, <br><br> v. <br><br> **QUALITY LOAN SERVICE CORPORATION WASHINGTON; WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1 through 5**, <br><br> Defendants. | Case No. 3:19-cv-01461-IM <br><br> **OPINION** |

John A. Cochran, Pacific Property Law, LLC, 43672 SW Hiatt Rd., Forest Grove, OR 97116. Attorneys for Plaintiffs.

Delian P. Deltchev and Ann T. Marshall, Flewilling Rasmussen Campbell & Trytten, LLP, 701 Pike St., Suite 1560, Seattle, WA 98101. Attorneys for Defendant Wells Fargo Bank, N.A.

John M. Thomas, McCarthy Holthus, LLP, 920 SW Third Ave., First Floor, Portland, OR 97204. Attorneys for Defendant Quality Loan Service Corporation of Washington.

**IMMERGUT**, **District Judge**.

Plaintiffs Ruby Aftab and Zafar Haq bring this action against Defendants Quality Loan Services Corporation of Washington ("QLS"), Wells Fargo Bank, National Association ("Wells Fargo"), and Does 1 through 5 regarding the non-judicial trustee sale of Plaintiffs' residential property located at 16617 SW Timberland Dr., Beaverton, OR 97007 ("the Property"). Plaintiffs

allege Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), committed the tort of conversion, and breached the covenants of good faith and fair dealing under the Uniform Commercial Code ("UCC") and Oregon foreclosure laws. *See* ECF 1. This is the second lawsuit Plaintiffs have filed against Defendants in a continuing effort to prevent the non-judicial trustee sale of the Property. *See* ECF 18, Ex. M (Complaint from *Aftab & Haq v. Wachovia Bank N.A. et al*, No. 3:18-cv-00159-MO). In the prior lawsuit, which was filed on January 25, 2018, Plaintiffs sought to prevent the non-judicial sale of the Property by challenging Defendants' authority to execute on the same Deed of Trust at issue in this case. The prior case concerned the same parties, the same Deed of Trust, the same Note, the same default, and the same notice of default. The previous case was settled and dismissed with prejudice in 2018 with Plaintiffs' consent. *See Id.*, Ex. P; *see also* ECF 15.

On September 25, 2019, this Court held a hearing on Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction seeking to restrain sale of the property pending resolution of this case. ECF 21. At the hearing, Defendants Wells Fargo and QLS requested that this Court take judicial notice of several documents, including documentation of the trust deed, the name changes and later merger of World Savings Bank, FSB into Wells Fargo, N.A., and the previous lawsuit filed by Plaintiffs. *See* ECF 10, 18. None of the parties objected to this Court taking judicial notice of the documents and this Court granted Defendants' request pursuant to Fed. R. Evid. 201. ECF 26.[1]

---

[1] This Court denied Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction because Plaintiffs failed to show that there was a likelihood of success on the merits, that they would suffer irreparable harm, that the balance of equities tipped in their favor, or that an injunction was in the public interest. ECF 26.

Before this Court is Defendants' Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue that Plaintiffs' claims are barred by *res judicata* and that they fail to state a claim upon which relief can be granted. ECF 27. For the reasons discussed below, this Court agrees that Plaintiffs' claims are barred by *res judicata* and GRANTS Defendants' Motions to Dismiss the Complaint without leave to amend.[2]

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

---

[2] None of the parties requested oral argument for this motion. This Court has determined that oral argument will not help in the resolution of the issues before the Court. *See* LR 7-1(d).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A final judgment entered in a previous lawsuit has a preclusive effect on later proceedings under the doctrines of claim preclusion and issue preclusion, "collectively referred to as *res judicata*." *Taylor v. Sturgill*, 553 U.S. 880, 892 (2008) (quotation marks omitted). A party's stipulation to dismiss claims operates as *res judicata* to bar such claims in the future. *See Gilbert v. Ben-Asher*, 900 F.2d 1407, 1410 (9th Cir. 1990); *Restatement (Second) of Judgments* § 19 comment b(a)(1). Claim preclusion generally bars a party from relitigating the same claims that were raised *or could have been raised* in a prior action. *See W. Radio Servs. Co., Inc. v. Glickman et al.*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added).

Claim preclusion applies when three elements are met: (1) an identity of claims in the two actions; (2) a final judgment on the merits in the first action; and (3) identity or privity between the parties in the two actions. *See Frank v. United Airlines*, 216 F.3d 845, 850 (9th Cir. 2000). An identity of claims exists when the "two suits arise out of the same transactional nucleus of facts." *Id.* at 851. *Res judicata* bars re-litigation of all grounds of recovery that were asserted, or could have been asserted, where the previous action was resolved on the merits.

*Tahoe-Sierra Pres. Council, Inc. v Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003). It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the prior judgment, but rather simply whether they arise from the same nucleus of facts and could have been brought in the prior action. *Id*.

## DISCUSSION

In this case, Plaintiffs seek to relitigate the very same claims they sought to litigate in *Aftab & Haq v. Wachovia Bank N.A. et al*, No. 3:18-cv-00159-MO. *See* ECF 18, Ex. M . To the extent they are raising any new theories or claims as a basis for their claim, those claims could have been raised in the earlier case and therefore are barred. A court may judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201. In addition, a court may take judicial notice of proceedings and records filed in another case to determine what issues were before the court and actually litigated. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). In line with this guidance and without objection from Plaintiffs, this Court took judicial notice of the documents from Defendant Wells Fargo, ECF 18, and Defendant QLS, ECF 10. ECF 26.

Plaintiffs' prior lawsuit against Defendants concerned the same parties, the same property, the same loan, the same Note, the same Deed of Trust, the same default, and the same notice of default. *Compare* ECF 1, *with* ECF 18, Ex. M. In both cases, Plaintiffs argued that Defendants lacked the authority to enforce the Note and Deed of Trust and proceed with a foreclosure. *See* ECF 18, Ex. M. Plaintiffs offer no explanation for why these newly filed claims were unavailable when Plaintiffs filed the former lawsuit in 2018.

Plaintiffs agreed to settle the previous case and stipulated to the dismissal of the lawsuit with prejudice. *See* ECF 15 (showing terms of settlement); *see also* ECF 18, Ex. P (showing notice of settlement and 60-day order of dismissal). The claims were dismissed. *See* ECF 18, Ex. P. The *res judicata* effect of that dismissal bars Plaintiffs from making any claim that depends on Defendants' lack of authority to enforce the deed of trust. That contention is essential to each of Plaintiffs' claims. Accordingly, all of the current claims were brought, or could have been brought in the prior lawsuit. Plaintiffs' claims are therefore precluded by the doctrine of *res judicata*. This Court does not address Defendants' other arguments for dismissal.

## CONCLUSION

Defendants' Motions to Dismiss, ECF 27 and ECF 29, are GRANTED. Because Plaintiffs' claims are barred on the basis of *res judicata*, granting dismissal with leave to amend the claims would be futile and prejudicial to the opposing parties. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (outlining factors considered when assessing leave to amend). This case is DISMISSED with PREJUDICE.

**IT IS SO ORDERED**.

DATED this 27th day of January 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
